PHILLIP A. TALBERT
Acting United States Attorney
KAREN A. ESCOBAR
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSEPH D. SANFORD,<br>aka Joe Don Sanford,<br>aka Joe D. Sanford,<br>Defendant. | CASE NO. 1:19-CR-00270 NONE-SKO<br>PLEA AGREEMENT<br>DATE: TBD<br>TIME: TBD<br>COURT: Hon. Dale A. Drozd |

## I. INTRODUCTION

### A. Scope of Agreement

The indictment in this case charges the defendant with a violation of 18 U.S.C. § 371 and 7 U.S.C. § 2156(b) – Conspiracy to Violate Animal Welfare Act ("Count One"); 7 U.S.C. § 2156(b), 18 U.S.C. §§ 49(a) and 2 - Unlawful Possession of Animals for Animal Fighting Venture ("Count Two"); , 18 U.S.C. §§ 49(a) and 2 - Unlawful Sale of Animals for Animal Fighting Venture ("Count Three"). The indictment also contains a criminal forfeiture allegation, pursuant to 7 U.S.C. § 2156(f) and 28 U.S.C. § 2461(c). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory

authorities.

**B. Court Not a Party**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II. DEFENDANT'S OBLIGATIONS

**A. Guilty Plea**

The defendant will plead guilty to Count One of the indictment which charges a violation of 18 U.S.C. § 371 – Conspiracy to Violate Animal Welfare Act. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

**B. Sentencing Recommendation**

The defendant and his counsel may recommend whatever sentence they deem appropriate.

**C. Defendant's Violation of Plea Agreement or Withdrawal of Plea**

If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law

enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

## III. THE GOVERNMENT'S OBLIGATIONS

### A. Dismissals

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in II.C (Defendant's Violation of Plea Agreement), VI.B (Guidelines Calculations), and VII.B (Waiver of Appeal) herein.

### B. Recommendations

#### 1. Incarceration Range

The government will recommend that the defendant be sentenced to the low-end of the applicable Guidelines range for his offense.

#### 2. Acceptance of responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### C. Use of Information for Sentencing

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or

Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which the defendant is pleading guilty:

As to Count One, Conspiracy to Violate Animal Welfare Act, in violation of Title 18, United States Code, Section 371, and Title 7, United States Code, Section 2156(b):

1. There was an agreement between two or more persons to commit one or more offenses against the United States, that is, to sell, buy, possess, train, transport, deliver, and receive roosters for purposes of having the roosters participate in animal fighting ventures, in violation of Title 7, United States Code, Section 2156(b);
2. The defendant became a member of the conspiracy knowing of its objects and intending to help accomplish it; and
3. One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

The defendant understands that in order to establish a violation of Title 7, United States Code, Section 2156(b)– selling, buying, possessing, training, transporting, delivering, and receiving roosters for purposes of having the roosters participate in animal fighting ventures–the government must prove the following beyond a reasonable doubt:

1. The defendant knowingly sold, bought, possessed, trained, transported, delivered, and received an animal; and
2. For purposes of having the animal participate in an animal fighting venture.

The defendant fully understands the nature and elements of the crime charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

### A. Maximum penalty

The maximum sentence that the Court can impose is 5 years of incarceration, a fine of $ 250,000, a 1 year period of supervised release and a special assessment of $100. In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862.

### B. Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to 1 year of additional imprisonment.

## VI. SENTENCING DETERMINATION

### A. Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B. Guideline Calculations

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a). The government is not obligated to recommend any specific sentence, except as set forth herein.

## VII. WAIVERS

### A. Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional

rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

**B. Waiver of Appeal and Collateral Attack**

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed 60 months. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in paragraph II.C (Defendant's Violation of Plea Agreement) herein.

**C. Waiver of Attorneys' Fees and Costs**

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any

charges previously dismissed).

## VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: December 1, 2021

JESSE J. GARCIA
Counsel for Defendant

### B. Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: Dec 1 - 2021

JOSEPH D. SANFORD, Defendant

///

///

///

///

### C. Attorney for the United States

I accept and agree to this plea agreement on behalf of the government.

Dated:

PHILLIP A. TALBERT
Acting United States Attorney

By: KAREN ESCOBAR Digitally signed by KAREN ESCOBAR Date: 2021.12.15 15:21:38 -08'00'

KAREN A. ESCOBAR
Assistant United States Attorney

**EXHIBIT "A"**
**Factual Basis for Plea**

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

Since the early 1980's and continuing to on or about September 18, 2019, within the County of Stanislaus, State and Eastern District of California, and elsewhere, the defendant did knowingly and intentionally conspire and agree with other persons to commit the following offenses: to sell, buy, possess, train, transport, deliver, and receive roosters for purposes of having the roosters participate in animal fighting ventures, in violation of Title 7, United States Code, Section 2156(b).

The defendant and others carried out the conspiracy by the following manner and means:

1. The defendant and others, created and operated JOE SANFORD GAMEFARM for the purpose of selling, buying, possessing, training, transporting, delivering and receiving game fowl for purposes of having the roosters participate in animal fighting ventures.
2. The defendant and others developed and maintained properties for purposes of housing and training game fowl for purposes of having the roosters participate in animal fighting ventures.
3. The defendant and others acquired and maintained medical equipment, such as scalpels, syringes, thermometers, and medications, for purposes of treating the roosters and to surgically alter and remove roosters' wattles, combs, spurs and other body parts, for fighting purposes.
4. The defendant and others communicated with one another by telephone, text message, and other electronic means, about: the transport, delivery, transfer, exchange, purchase, sale, breeding, training, and receipt of particular game fowl; their possession of and ownership interests in particular game fowl; arrangements to fight roosters; the lineage or bloodline of certain game fowl; the aptitude, abilities, and fighting histories of particular fighting roosters; and drugs and equipment intended for use on fighting roosters.
5. The defendant and others planned to fight roosters in cockfights.
6. The defendant and others fought roosters in cockfights.

In furtherance of the conspiracy and to effect the unlawful objects thereof, the following overt acts, among others, were committed in the Eastern District of California and elsewhere:

a. During the time frame of the conspiracy, the defendant shipped game fowl internationally to the Philippines, Mexico, Peru, and elsewhere, for the purpose of animal fighting ventures and, from about 2017, the defendant teamed up with a shipper, identified in the discovery materials at Bates Stamp Number 1112.

b. On or about September 24, 2018, the defendant sold to a confidential and reliable informant (CI) and undercover agent two hens and one Sweater gamecock for $1,100 in cash. During the transaction, the defendant, with the assistance of one of his workers, sparred the gamecocks and discussed the

fighting abilities of his gamecocks. The defendant then directed the worker to help the CI and agent select two hens. The defendant also discussed the cockfighting derbies he has participated in and the fighting instruments used in the derbies, *i.e.* short versus long knives. The defendant and his workers then assisted the CI and agent in packaging the purchased trio into the boxes.

c. On or about December 4, 2018, the defendant received two separate parcels from Efland, North Carolina containing game fowl for purposes of having roosters participate in cockfights.

d. On or about April 16, 2019, the defendant possessed approximately 2,956 game fowl, consisting of approximately 367 roosters, 334 hens, and 2,255 pullets or young hens for purposes of having roosters participate in cockfights.

e. On or about July 30, 2019, the defendant mailed three game fowl to a customer in Alabama for purposes of having roosters participate in cockfights.

f. Between on or about April 16, 2019, and on or about September 18, 2019, the defendant received and possessed approximately 200 additional game fowl for purposes of having roosters participate in cockfights.

Dated: 12/15/2021

DocuSigned by:
Joe Sanford
59E79DDBDD5C48E...
JOSEPH D. SANFORD, Defendant